USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1651 SINFOROSO NIEVES-RODRIGUEZ, ET AL., Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Israel Roldan Gonzalez on brief for appellants. ______________________ Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del _____________ ______________________ Rio, Assistant United States Attorney, on brief for appellee. ___ ____________________ October 16, 1997 ____________________ Per Curiam. We have reviewed the briefs submitted by ___________ the parties and the record on appeal, and we affirm. Appellants challenge the lower court's determination that the actions of the government in this case were protected by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. 2674 & 2680(a).  A decision constitutes a discretionary function where 1) the action involves an element of choice, and 2) the action involves the kind of judgment Congress intended to protect. Berkovitz v. United States, 486 U.S. 531, 536-37 (1988). ____________________________ Congress intended to prevent courts from second-guessing social, economic or political policy decisions made by the other two branches of government. United States v. S.A. _______________________ Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 ________________________________________________________ U.S. 797, 814 (1984). We agree that the decision to erect a steel pole barrier on the perimeter of Punta Borinquen Air Base, so as to prevent entry of automobiles onto the base in accidents, was the exercise of a discretionary function. Certainly no statute or regulation required or prohibited placement of the barrier, so an element of choice was involved. Berkovitz, 486 U.S. at 536. Further, the decision _________ was the type of policy decision Congress intended to immunize from suit. Before the barrier was erected, cars involved in accidents in this spot would commonly go through the chain link fence surrounding the base. The barrier prevented -2- unauthorized cars from entering the secured base. The courts have no place second-guessing military commanders' decisions regarding how best to secure military bases. Varig Airlines, ______________ 467 U.S. at 814. This court has held that such decisions are protected under the discretionary function exception, even where they involve a "'trade-off between greater safety and greater combat effectiveness.'" Ayer v. United States, 902 ______________________ F.2d 1038, 1044 (1st Cir. 1990) (quoting Boyle v. United _______ ________________ Technologies Corp., 487 U.S. 500, 511 (1988)). __________________ Appellants' second claim alleges the government acted negligently in failing to provide adequate warning of the barrier; they challenge the lower court's ruling that that decision also was protected by the discretionary function exception. We express no opinion on this issue, since the lower court alternatively found that even if the decision was not protected under 28 U.S.C. 2680(a), the claim failed on the merits since the government acted reasonably in providing the amount and type of warning given.1 1 Affirmed. See Loc. R. 27.1. _________ ___  ____________________ 1The Magistrate's Opinion states: "The government, the 1 defendant herein, has provided to all those traveling on Hangar Road proper and reasonable notice and warnings, within their means." Mag. Opin. at 27. -3-